UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ENRIQUE LOPEZ APIZUETA, | ) |
| Petitioner, | ) Case No. C05-1763-RSM-JPD |
| v. | ) |
| UNITED STATES OF AMERICA, | ) ORDER TRANSFERRING |
| | ) § 2241 PETITION |
| Respondent. | ) |

Petitioner is an inmate at the Federal Correctional Institution in Phoenix, Arizona who is proceeding pro se in his attempt to bring this "motion to dismiss detainer." Petitioner argues that the immigration detainer to which he is subject "is adversely affecting the [c]onditions of [his] incarceration and sentence length." Dkt. No. 1. He appears to argue that the detainer has erroneously precluded him from being allocated certain sentencing credits and from being released to a halfway house. *Id.* Because the motion appears to challenge the manner in which petitioner's sentence is being executed, the Court has construed it as a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam) (indicating that petitions that challenge the "manner location, or conditions of a sentence must be brought pursuant to § 2241"); *see also U.S. v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Having carefully reviewed the petition and the balance of the record, the Court ORDERS as follows:

ORDER TRANSFERRING
§ 2241 PETITION
PAGE -1

(1) The petition shall be TRANSFERRED to the U.S. District Court for the District of Arizona. Unlike a motion under 28 U.S.C. § 2255, a § 2241 petition "must be addressed to the district court which has jurisdiction over [the petitioner] or his custodian." *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980) (*citing Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)); *see also United States v. Monreal,* 301 F.3d 1127, 1130-31 (9th Cir. 2002) (indicating that § 2255 motions must be brought in the sentencing court). "Without such jurisdiction, [the Court has] no authority to direct the actions of the restraining officials." *Subias v. Meese*, 835 F.2d 1288, 1289 (9th Cir. 1987). If the Court finds that it does not have jurisdiction over the respondent, it "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed. . . ." 28 U.S.C. §§ 1631, 2241(b); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

Because petitioner is incarcerated at the Federal Correctional Institution in Phoenix, Arizona, the United States District Court for the District of Arizona has jurisdiction over him and his current custodian. Accordingly, this case is hereby TRANSFERRED to the United States District Court for the District of Arizona.

(2) The Clerk is directed to send the petition and the Court record, including a copy of this Order, to the District Court Clerk for the District of Arizona. The Clerk is further directed to send copies of this Order to petitioner and to the Honorable Ricardo S. Martinez.

DATED this 29th day of November, 2005.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge

ORDER TRANSFERRING
§ 2241 PETITION
PAGE -2